UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE HUMPHREY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE HOWARD, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-0507 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING THE MOTION FOR SUMMARY JUDGMENT AND DISMISSING CLAIMS AGAINST THE "DOE" DEFENDANT<br><br>(Docs. 34, 36) |

　　Shane Humphrey asserts his right to free exercise of religion under the First Amendment was violated during his incarceration due to the denial of kosher meals. (Doc. 13.) Defendant Howard filed a motion for summary judgment on October 29, 2021. (Doc. 34.) Plaintiff did not file an opposition.

　　The magistrate judge observed that Howard, as a chaplain for Kern Valley State Prison, "was responsible only for approving or denying inmate requests to be approved to receive kosher meals, as well as reviewing and responding to inmate grievances relating to religious dietary issues." (Doc. 36 at 9.) The assigned magistrate judge noted Plaintiff did "not allege that Defendant Howard improperly denied his request to participate in the religious diet program, and the undisputed evidence clearly establishes that Plaintiff was approved to receive kosher meals during the relevant time frame at KVSP." (*Id.*) Rather, the magistrate judge found "Plaintiff's claim is centered on the actual day-to-day distribution of the religious meals themselves, which [Howard] had not [sic] authority or control over." (*Id.*) The magistrate judge determined there was "simply no evidence that Defendant Howard

1

denied or refused to provide Plaintiff with a religious diet." (*Id.* at 10.)  To the contrary, the magistrate judge found the undisputed evidence showed Howard "received Plaintiff's complaints, investigated, and informed the appropriate staff with authority and control over the distribution of kosher meals of Plaintiff's approval." (*Id.*)  The magistrate judge concluded there were "no disputes of material facts" linking Howard to the denial of kosher meals and recommended the motion for summary judgment be granted and judgment be entered in favor of Howard. (*Id.* at 10, 12.)  Furthermore, the magistrate judge recommended the "Doe" defendant be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because the discovery period closed, and Plaintiff did identify and serve "Defendant Doe." (*Id.* at 11-12.)

The parties were given 21 days to object to the Findings and Recommendations.  (Doc. 36 at 12.)  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (Doc. 36 at 12, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  No objections were filed, and the time to do so has now passed.

According to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of the case.  Having carefully reviewed the entire matter, the Court concludes the magistrate judge's Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 1, 2022 (Doc. 36), are adopted in full.
2. Defendant's motion for summary judgment (Doc. 34) is granted.
3. The claims against the "Doe" defendant are dismissed without prejudice.
4. The Clerk of Court is directed to enter judgment in favor of defendant Howard and close this case, as this order terminates the matter in its entirety.

IT IS SO ORDERED.

   Dated:   **May 3, 2022**

*[Signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE